IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TONI M. NESSELROTTE,            )
                                )
    Plaintiff,                  )
                                )
    v.                          )
                                )   Civil Action No. 06-1390
ALLEGHENY ENERGY, INC.,         )
ALLEGHENY ENERGY SERVICE        )
CORPORATION, and                )
DAVID B. HERTZOG,               )
                                )
    Defendants.                 )

MEMORANDUM ORDER

Gary L. Lancaster,                           May 10, 2007
District Judge.

      This is an action alleging employment discrimination. Plaintiff, Toni M. Nesselrotte, alleges that she was discriminated against, retaliated against and ultimately terminated by defendants Allegheny Energy, Inc., Allegheny Energy Service Corporation ("Allegheny Energy") and David B. Hertzog because of her sex, age and participation in an investigation of discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., ("ADEA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq., ("PHRA"). Defendants deny the allegations.

Plaintiff seeks an order compelling Allegheny Energy to provide her with a report of an internal investigation that Allegheny hired Laura Candris, Esquire, to conduct in connection with a complaint of discrimination made by another employee. In the alternative, plaintiff seeks leave to depose Ms. Candris. Allegheny Energy opposes both motions and argues that the report, and all underlying material related to it, are protected by either the attorney-client privilege, or the work product doctrine. The court agrees.

The attorney-client privilege is one of the oldest privileges for confidential communications known. Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Id. Communications are protected by the attorney-client privilege when: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication is made is (a) a member of the bar of a court and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed by (a) his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or assistance in some legal proceeding and not (d) for the purpose of

committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. In Re Grand Jury Investigation, 599 F.2d 1224, 1233 (3d Cir. 1979); see also Montgomery County v. MicroVote Corp., 175 F.3d 296, 301 (3d Cir. 1999) (citing Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 32 F.3d 851, 862 (3d Cir. 1994)).

      Relatedly, the work product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir. 2000)(citation omitted). The work product doctrine allows a party to discover material prepared in anticipation of litigation or for trial only when the requesting party has shown a substantial need for the material and cannot obtain the material or its equivalent elsewhere without incurring a substantial hardship. See Fed.R.Civ.P. 26(b)(3). The rule further provides that "in ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Id.

The party asserting work product protection has the burden of demonstrating that the documents were prepared in anticipation of litigation. Hickman v. Taylor, 329 U.S. 495, 505 (1947); Conoco, Inc. v. United States Dep't of Justice, 687 F.2d 724, 730 (3d Cir. 1982). The fact that the documents sought for discovery do not include legal advice is "as a matter of law, irrelevant provided...they were prepared in anticipation of litigation." In re Ford Motor Co., 110 F.3d 954, 968 (3d Cir. 1997).

In this case, defendant has established that Laura Candris, Esquire, was engaged to conduct an investigation and provide legal advice in anticipation of litigation. Therefore, the court finds that the requested information is protected both by the attorney-client privilege and the work product doctrine. As the Court of Appeals for the Third Circuit has observed "the manner in which a person is hired and the resulting services that are performed are of the utmost significance in determining the capacity in which the person was engaged." MicroVote, 175 F.3d at 302. The engagement letter between Ms. Candris and defendant, the Declaration of Edward Dudzinski and the excerpt of Ms. Candris's interview with plaintiff clearly establish that defendant Allegheny Energy hired Ms. Candris to provide legal advice, which she did.

4

Plaintiff further contends that because Ms. Candris's investigation was done in anticipation of another, unrelated, litigation, her report cannot be protected by the work product doctrine in this case. Plaintiff's interpretation of Rule 26 is contrary to the language of the rule. The literal language of Rule 26(b)(3) requires that the material be prepared in anticipation of some litigation, not necessarily in anticipation of the particular litigation in which it is being sought. Ford, 110 F.3d at 967; see also FTC v. Grolier Inc., 462 U.S. 19, 25 (1983) (noting in dicta that the "literal language" of Rule 26 protects materials "prepared for *any* litigation or trial as long as they were prepared by or for a party to the subsequent litigation").

Plaintiff correctly notes that our Court of Appeals has suggested that the work product doctrine may only apply in related subsequent litigation. In Re Grand Jury Proceedings, 604 F.2d 798, 803-04 (3d Cir. 1979); see also Ford, 110 F.3d at 967 n.15. However, as in those cases, we find a sufficient identity of subject matter between the two cases. There is no dispute that plaintiff's claims appear to involve allegations of discrimination against many of the same individuals. Regardless, plaintiff would not be entitled to the information because she has failed to establish that she has a substantial need for the material and cannot obtain it or its equivalent elsewhere without incurring a substantial hardship. See Fed.R.Civ.P. 26(b)(3).

Therefore, IT IS HEREBY ORDERED that plaintiff's motion for leave to file a reply [Doc. No. 30] is GRANTED.  IT IS FURTHER ORDERED that Plaintiff's motion to compel discovery [Doc. No. 21] and for leave to depose Laura Candris, Esquire [Doc. No. 31] are DENIED.  IT IS FURTHER ORDERED that Defendant's motion to compel [Doc. No. 32] is DENIED as MOOT.

BY THE COURT:

_____, J.

cc:     All Counsel of Record