IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONI M. NESSELROTTE, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 06-01390 |
| ) | Judge Nora Barry Fischer |
| ALLEGHENY ENERGY, INC., ET AL., ) | |
|     Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion to Compel [107], filed by Toni M. Nesselrotte on February 4, 2008, in which Plaintiff requests the following relief: (1) Defendants be ordered to answer Plaintiff's Third Request for the Production of Documents and Second Set of Interrogatories directed to Defendants; (2) Defendants be required to produce an individual who will testify about the process used by Defendants to analyze and/or discover information from Plaintiff's computer from the time period from October 1, 2004 through May 1, 2007; (3) Defendants be required to produce an individual who will testify about any damages alleged to be suffered by Allegheny Energy as a result of Plaintiff's alleged wrongful removal of documents from Allegheny Energy's premises; and (4) Defendants be ordered to produce any documents that have been withheld on the basis of the attorney-client or work product privileges within 30 days. (Docket No. 107 at 7-8). On February 15, 2008, Defendants filed Defendants' Response to Plaintiff's Motion to Compel Discovery (Docket No. 109), in which they oppose the instant motion on a number of bases; however, they essentially argue that all of Plaintiff's requests are untimely. In response, on February 29, 2008, Plaintiff filed Plaintiff's Memorandum of Law in Support of her Motion to Compel Discovery (Docket No. 118). On March 7, 2008, the Court held a motion hearing, at which it heard initial argument as to the instant motion. Upon leave of Court, on March 11, 2008, Plaintiff filed

Plaintiff's Supplement to Motion to Compel (Docket No. 144), in which she asserts that she previously attempted to obtain the information sought in her written discovery and deposition requests but to no avail.[1] On March 14, 2008, Defendants filed their Response to Plaintiff's Supplement to Motion to Compel (Docket No. 158). Given these post-hearing submissions, the parties provided further argument on the motion on April 23, 2008.

On the record at the March 7, 2008 motion hearing, counsel for the Plaintiff confirmed the relief sought in the instant motion as the following: full and complete responses to Plaintiff's Third Request for the Production of Documents and Second Set of Interrogatories, and two additional depositions (pursuant to Federal Rule of Civil Procedure 30(b)(6)) related to Defendants' counterclaims. At the April 23, 2008 motion hearing, parallel requests were made. The Court will address each request for relief, in turn.

However, before turning to the instant motion, the Court will first provide background as to the progress of this case and discovery. On February 28, 2007, the Court issued an Initial Scheduling Order, setting the deadline for the completion of all fact discovery by August 27, 2007. After several discovery disputes being raised by way of motion, on August 25, 2007, upon motion by the Plaintiff, the Court extended the deadline for the completion of all fact discovery by sixty days, until October 26, 2007. Said Order further provided: "THERE WILL BE NO FURTHER EXTENSIONS GRANTED." (Docket No. 52) (emphasis in original).[2] On October 23, 2007, again upon motion

---

[1] Filed contemporaneously with Plaintiff's Supplement, Plaintiff filed a Motion for Leave to Submit Documents Under Seal (Docket No. 145), which the Court granted on March 12, 2008. Plaintiff filed said documents under seal on the same day. (*See* Docket Nos. 149-152).

[2] On August 31, 2007, the case was reassigned to the undersigned Judge.

by Plaintiff, the Court extended the deadline for the completion of all fact discovery until February 4, 2008.[3]  Said Order further provided: "There will be no further extensions of discovery." (Docket No. 70). Subsequently, on February 4, 2008, the last day of the discovery period, Plaintiff filed the instant motion. With this context in mind, the Court now turns to Plaintiff's motion to compel.

As to Plaintiff's written discovery requests, on January 4, 2008, Plaintiff served her Third Request for the Production of Documents and Second Set of Interrogatories upon Defendants.[4] In response, Defendants assert that the same are untimely. Based on a plain reading of the Federal Rule of Civil Procedure, specifically Rule 33(b)(2) as to interrogatories and Rule 34(b)(2) as to requests for the production of documents in conjunction with Rule 6(d),[5] the Court considers Plaintiff's most

---

[3] In her motion, Plaintiff requested only a 60-day extension of discovery, yet the Court extended discovery by approximately 100 days.

[4] As to the number of interrogatories, the Court notes that Plaintiff previously served 26 numbered interrogatories upon Defendants, which, according to Defendants, actually amounted to 35 interrogatories. (*See* Docket No. 63 Exh. 2; Docket No. 68). Nevertheless, Defendants agreed to respond to all interrogatories and the Court ordered the same on October 23, 2007. (*See* Docket No. 69). As to the instant motion, Plaintiff served an additional 12 interrogatories. (*See* Docket No. 107, Exh. B). However, Rule 33(a)(1) limits the amount of interrogatories to 25, "including all discrete subparts." Fed.R.Civ.P. 33(a)(1). Thus, by any calculation of the number of interrogatories in Plaintiff's first set of the same, Plaintiff has exceeded the amount of interrogatories allowed under the Federal Rules.

[5] Plaintiff asserts that her discovery requests were timely (due on February 4, 2008) because the parties "agreed that all written communications would be sent by electronic mail and, if appropriate, by regular mail." (Docket No. 118 at 8 n.8). However, Plaintiff fails to provide any documentation in support of its alleged agreement.

Moreover, in calculating the deadline for Defendants' response to her latest discovery requests, Plaintiff (apparently) contends that the three extra days under Rule 6(d) do not apply. In her memorandum of law, Plaintiff refers to Federal Rule of Civil Procedure 5(e) in support of the proposition that "service by electronic means is valid upon transmission if the person has agreed to electronic communications in writing." (Docket No. 118 at 8 n.8). As a threshold point, the Court notes that there is no longer a subpart (e) to Rule 5. Instead, the language to which Plaintiff refers

recent written discovery requests as untimely.  Plaintiff served her written discovery requests upon Defendants on January 4, 2008 at approximately 6:52 p.m. (via email, although the requests were also postmarked the same day), making Defendant's deadline to respond on or about February 7, 2008, after the expiration of the discovery period.[6]  The Court acknowledges Plaintiffs' argument that her latest written discovery requests relate to Defendants' counterclaims and after-acquired evidence affirmative defense as opposed to her initial claim.  However, Plaintiff has been on notice of Defendants' potential counterclaims since October 23, 2007 and Defendant's affirmative defense since December 3, 2007.  Thus, Plaintiff has had ample opportunity to obtain the requested information through discovery.  *See* Fed.R.Civ.P. 26(b)(2)(C)(ii).  However, Plaintiff has failed to offer good cause for her delay.[7]

---

is found under Rule 5(d)(3), which provides that "[a] court may, *by local rule*, allow papers to be filed, signed, or verified by electronic means that are consistent with any technical standards established by the Judicial Conference of the United States." Fed.R.Civ.P. 5(d)(3) (emphasis added). The Court notes that such a rule exists in this District. *See* W.D. Pa. L.R. 5.4.  Because Rule 5(d)(3) does not refer to an informal agreement between the parties as to electronic means, the Court opines that Plaintiff intended to rely on Rule 5(b)(2)(E), which allows service by electronic means if the person consented in writing. Fed.R.Civ.P. 5(b)(2)(E).  However, pursuant to Rule 6(d), even if a person consented in writing to service by electronic means under Rule 5(b)(2)(E), the three days still apply.  *See* Fed.R.Civ.P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C),(D),(E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)").  The Advisory Committee Notes to the 2001 Amendments confirm that the three days should still be allowed.  Hence, despite any purported agreement between the parties, Defendants' response was due on or about February 7, 2008 (after the close of discovery), making Plaintiff's discovery requests untimely.

[6] The Court's Practices and Procedures instructs that "[d]iscovery requests must be served soon enough that responses are due within the discovery period." Practices and Procedures of Judge Nora Barry Fischer Effective July 1, 2007 at (III)(B)(5).

[7] The Court notes that Plaintiff has deposed individuals and asked questions regarding damages related to Defendants' counterclaims. (*See* Docket No. 144; Docket Nos. 149-152). Moreover, any document relied upon by Defendants or which Defendants intend to rely upon at trial

As to Plaintiff's request for additional depositions, Plaintiff requests leave to take two additional depositions related to Defendants' counterclaims, specifically as to damages and Defendant's process to analyze Plaintiff's computer after her employment ended. Once again, since October 23, 2007, Plaintiff has been on notice of Defendants' counterclaims, when the Court granted Defendants' Motion for Leave to File Amended Answer and Counterclaims and Defendants filed the same on October 30, 2007. (Docket Nos. 73 & 74). Furthermore, on the same day, the Court granted Plaintiff's Motion for Leave to Conduct Additional Depositions, in which it allowed Plaintiff to take an *additional 13 depositions*. (Docket No. 71). The Court also advised the parties "to establish weekly deposition schedules," (Docket No. 71), which apparently fell on deaf ears. On the contrary, Plaintiff waited *more than three months* until filing the instant motion requesting additional depositions related to the same counterclaims.[8] Moreover, the Court notes that Plaintiff has already exceeded the ten deposition limit set by Federal Rule of Civil Procedure 30(a)(2)(A)(i). Once again,

---

will be produced to the Plaintiff as an exhibit during the pretrial process. *See* Practices and Procedures of Judge Nora Barry Fischer Effective July 1, 2007 at (III)(E)(15) (providing detailed instructions as to the exchange of exhibits between the parties before the commencement of trial).

[8] In her Supplement, Plaintiff attempts to establish that she sought the relevant information at issue, specifically that in her requests for additional depositions (i.e., Defendant's actions with regard to Plaintiff's computer at the end of her employment; Defendants' actions with regard to other employees who engaged in similar conduct as the Plaintiff (copying and taking documents); and damages suffered by Defendants in relation to their counterclaims), through three previous depositions and that none of the deponents provided sufficient answers. However, Plaintiff's attempt to obtain the information at issue without formal requests, which, in the Court's opinion, is expected from counsel and hence unremarkable, does not make Plaintiff's current requests for additional depositions any less untimely. In the alternative, upon learning of Defendants' counterclaims on October 23, 2007 and Defendants' after-acquired evidence defense on December 3, 2007, Plaintiff should have immediately noticed all relevant depositions relating thereto (and if the information became available through alternative channels, Plaintiff could have cancelled said depositions), instead of waiting until the eleventh hour.

Plaintiff has failed to offer good cause for these additional depositions at this late stage and thus, the Court denies said request.

Finally, from a general perspective, while Plaintiff does not explicitly request an extension of the discovery deadline in the instant motion, the granting of Plaintiff's motion would require such an extension. The Local Rules of this Court as well as this Court's own Practices and Procedures provide for a just and expeditious processing of cases. Upon reassignment to the undersigned Judge, this case was designated for placement in the Court's Alternative Dispute Resolution program. While this Court's Practices Procedures generally provide for 150 days of discovery unless additional time is approved by the Court, (*see* Practices and Procedures of Judge Nora Barry Fischer Effective July 1, 2007 at (III)(B)(1)),[9] the parties have benefitted from nearly one full year of discovery, i.e., from the date of the Initial Scheduling Order on February 28, 2007 until February 4, 2008. Nevertheless, Plaintiff has filed the instant motion requesting yet an additional extension of discovery (her third such request) *on the very last day of the discovery period*, i.e., February 4, 2008.[10] On multiple occasions, the Court (as well as the Court's predecessor assigned to the instant matter) has advised the parties that no further extensions of discovery would be granted. (*See* Docket Nos. 52, 70, 71). Because Plaintiff has failed to demonstrate good cause for yet another enlargement

---

[9] Moreover, this Court's predecessor's Practices and Procedures only provides for 90 days of discovery. See Practices and Procedures of Judge Gary L. Lancaster (III)(B)(1) ("Judge Lancaster normally provides 90 days for discovery and is willing to grant some extensions. At some point, however, he will announce that there will be no more extensions, and after that time he is fairly adamant about not granting further extensions").

[10] The Court points out that Plaintiff is well represented by a law firm with ample resources as opposed to a solo practitioner who may need additional leeway in terms of discovery. Not to mention, Plaintiff herself is an attorney.

of the discovery period, the Court will adhere to its previous warning.

Accordingly, the Court DENIES Plaintiff's Motion to Compel [107] in all respects.[11] The Court considers discovery to be closed.

<i>s/ Nora Barry Fischer</i>
Nora Barry Fischer
United States District Judge

cc:   All counsel of record.

Date:   April 30, 2008.

---

[11] In her motion, Plaintiff requests that the Defendants be ordered to produce any documents that have been withheld on the basis of the attorney-client or work product privileges within 30 days. (Docket No. 107 at 7-8). However, as that requested relief is the subject of another pending motion before the Court, the Court denies without prejudice Plaintiff's request for the production of all documents withheld on the basis of the attorney-client privilege and/or work product doctrine.