**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TONI M. NESSELROTTE,          )
                Plaintiff,         )
                             )
          v.                )        Civil Action No. 06-01390
                             )        Judge Nora Barry Fischer
ALLEGHENY ENERGY, INC., ET AL.,  )
              Defendants.    )

## MEMORANDUM ORDER

Before this Court is Plaintiff's Motion for Leave to File Response to Defendants' Statement of Undisputed Facts in Support of Their Motion for Partial Summary Judgment on After-Acquired Evidence, Affirmative Defense, and Liability as to Counterclaims.  (Docket No. 220).  After reviewing the submissions of the parties, and upon consideration of the testimony and argument heard during the hearing held on this matter on December 19, 2008, the Court hereby **GRANTS** Plaintiff's motion.

## I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A.    Procedural History[1]

On March 4, 2008, Defendants filed a Motion for Partial Summary Judgment on After-Acquired Evidence, Affirmative Defense, and Liability as to Counterclaims ("Motion for Partial Summary Judgment"). (Docket No. 121).  In accordance with the  the Local Rules of the United

---

[1]
    This is an abbreviated procedural history of this case and includes only that which is relevant to the instant motion.

States District Court for the Western District of Pennsylvania ("Local Rules"), said motion was accompanied by a brief in support (Docket No. 122), a concise statement of undisputed material facts (Docket No. 123), and an appendix (Docket No. 124). That same day, Defendants also filed a separate Motion for Summary Judgment on Plaintiff's claims ("Motion for Summary Judgment"). (Docket No. 126). The Motion for Summary Judgment was also accompanied by a brief in support (Docket No. 127), a concise statement of undisputed material facts (Docket No. 128), and an appendix (Docket No. 129).

Generally, Plaintiff would have had thirty (30) days to respond to the motions for summary judgment by filing a responsive concise statement of material facts, a memorandum in opposition, and any appendix. W.D. Pa. L.R. 56.1(C)(2008). However, prior to filing the motions for summary judgment, Defendants filed a Motion for Monetary Sanctions and for Disqualification of Plaintiff's Counsel ("Motion for Sanctions and Disqualification"). (Docket No. 115). Accordingly, the Court held in abeyance Plaintiff's responses to the motions for summary judgment until its ruling on the Motion for Sanctions and Disqualification. (*See* Docket No. 141).

In a Memorandum Opinion filed July 23, 2008, this Court denied Defendants' Motion for Sanctions and Disqualification. (Docket No. 195). The Court then ordered Defendants to supplement their briefs in support of the pending motions for summary judgment by August 22, 2008. In turn, Plaintiff was ordered to respond to the respective motions on or before September 22, 2008. (Docket No. 196). The Defendants then filed a consent motion to extend both parties' filing dates. The Court granted said motion and ordered Defendants to supplement their briefs by August 29, 2008, and further ordered Plaintiff to file her respective responses by September 29, 2008.

(Docket No. 198). Thereafter, Plaintiff filed and the Court granted a consent motion to extend the time for Plaintiff to respond to both summary judgment motions until October 7, 2008. (Docket No. 201).

Plaintiff responded to the motions by filing briefs in opposition to each on October 7, 2008. (Docket Nos. 205 & 206). Contemporaneously with those briefs, Plaintiff filed one responsive concise statement of material facts (*See* Docket No. 209). The responsive concise statement only addresses those facts set forth in Defendants' Statement of Undisputed Material Facts filed in connection with the Motion for Summary Judgment at Docket No. 128 (hereinafter "SUMF-128"); it does not address the Defendants' Statement of Undisputed Material Facts filed in connection with the Motion for Partial Summary Judgment at Docket No. 123 (hereinafter "SUMF-123").

Defendants filed reply briefs in support of both motions on November 5, 2008 (Docket Nos. 213 and 214), along with a reply in support of SUMF-128, in which the Defendants responded to counterstatements of material fact set forth in Plaintiff's response (Docket No. 215). In their reply brief in support of the Motion for Partial Summary Judgment, Defendant argued that the Court should deem admitted the material facts set forth in SUMF-123, as Plaintiff had failed to respond to the facts contained therein in violation of Rule 56.1(C) of the Local Rules (Docket No. 214 at 3).

The instant motion arises out of Plaintiff's failure to submit a timely responsive concise statement to SUMF-123 on October 7, 2008. Failing to respond to a party's concise statement of material facts is a violation Rule 56.1(C) of the Local Rules of the United States District Court for

the Western District of Pennsylvania. ("L.R. 56.1(C)"),[2] which Defendants noted in their reply brief in support of their Motion for Partial Summary Judgment (*See* Docket No. 214 at 1-3). As Plaintiff has failed to comply with the Local Rules, Defendants request that the statements contained in SUMF-123 be deemed admitted pursuant to Local Rule 56.1(E) ("L.R. 56.1(E)").[3]

---

[2]

Rule 56.1(C)(1) of the Local Rules of the United States District Court for the Western District of Pennsylvania mandates that the opposing response to a motion for summary judgment include:

> A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:
>
> (a) admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;
>
> (b) setting forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material), with appropriate reference to the record (See L.R. 56.1(B)(1) for instructions regarding format and annotation); and
>
> (c) setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the court to determine the motion for summary judgment[.]

W.D. Pa. L.R. 56.1(C)(1) (2008).

[3]

L.R. 56.1(C) provides that:

> Alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement, which are claimed to be undisputed, will for the purposes of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party.

In response, Counsel for Plaintiff claim that they inadvertently failed to file a response to SUMF-123, and, upon reviewing the Defendants' reply brief, immediately contacted counsel for the Defendants to request that Defendants consent to Plaintiff's request to file a response to SUMF-123. (Docket No. 220 at 3). Defendants denied said request, and, as a result, Plaintiff filed the instant motion. (Docket No. 220). Defendants filed their response to the instant motion on November 21, 2008, in which they indicated their opposition to Plaintiff's motion for leave to file a response to SUMF-123. (Docket No. 223). Thereafter, on December 5, 2008, Plaintiff filed a brief in support of the instant motion. (Docket No. 230). The Court held a hearing and heard argument on the motion on December 19, 2008, during which time the Court heard the testimony of Plaintiff, Toni M. Nesselrotte, Esquire, as well as her counsel, Cami Davis, Esquire and James Carroll, Esquire.[4]

**B.      Representations Made by Plaintiff in the Pending Motion**

After reviewing the parties' submissions regarding the instant motion, the Court had concerns about the veracity of Plaintiff's stated reasons for not filing a response to SUMF-123. Specifically, the Court was troubled by Plaintiff's counsel's assertion that he "mistakenly proceeded under the assumption that, as in most cases, Defendants had filed only one Statement of Material Facts in Support of their Motions for Summary Judgment." (Docket No. 220 ¶5; *see also Hearing Trans. 12/19/08* at 57). This statement was especially troubling to the Court because it appeared to be in conflict with the fact that Plaintiff cited to SUMF-123 in her response to the Motion for Partial

W.D. Pa. L. R. 56.1(E) (2008).

[4]      The transcript of the hearing held on December 19, 2008 is filed at Docket No. 234, and hereinafter will be referred to "*Hearing Trans. 12/19/08.*"

Summary Judgment. (*See* Docket No. 206 at 5). Specifically, in her brief in opposition to Defendants' Motion for Partial Summary Judgment, Plaintiff argued:

> [t]hat the Defendants' argument regarding the Employee Confidentiality Agreement is based, in large part, on a factual misstatement is easily established. For example, the Defendants in its Statement of Undisputed Material Facts, at Paragraph 4, state that the Employee Confidentiality Agreement defines Plaintiff's obligation regarding "privileged" information.

(Docket No. 206 at 5). The Court read this as a reference to SUMF-123, the statement of facts filed in conjunction with the Motion for Partial Summary Judgment, which states at paragraph four:

> On April 7, 2000, Plaintiff signed a confidentiality agreement that defined her obligations and responsibilities with regard to Allegheny's proprietary, confidential, and/or privileged information. (Current Employees Employee Confidentiality Agreement ("Confidentiality Agreement"), a copy of which is attached to the Appendix as Ex. D; Plaintiff's Answer to Amended Counterclaims (DE101) ¶ 19 ("It is admitted that while employed by Allegheny Energy, Plaintiff executed an Employee Confidentiality Agreement . . . .").)

(Docket No. 123 at ¶ 4 ).

In contrast, paragraph four of SUMF-128, the statement of facts filed in conjunction with the Motion for Summary Judgment, which counsel for Plaintiff has represented is the only statement of which they were aware, states:

> In July 2003, Mr. Evanson hired Mr. Hertzog - then just shy of his 59th birthday - to assist him with Allegheny's restructuring. (Defendants Allegheny Energy, Inc. and Allegheny Service Corporation's Supplement Responses to Plaintiff's First Set of Interrogatories ("Allegheny's Interrogatory Responses"), a copy of which is attached to the Appendix as Ex. C, at No 18; Hertzog Dep. At 24, 34-35.)

(Docket No. 128 at ¶ 4 ).

Given the very different subject matter of paragraph four of SUMF-123 and paragraph four of SUMF-128, in this Court's estimation, Plaintiff could only be referring to SUMF-123. Thus, the

Court had continuing concerns about Plaintiff's counsel's representations that they were not aware that a separate statement of facts had been filed at Docket No. 123.  (*See* Docket No. 230 at 1-2).

In addition, Defendants alleged that Plaintiff's claim of excusable neglect was made in bad faith. (Docket No. 223 at 2).  In order to address these issues, the Court scheduled a hearing for December 19, 2008 to receive evidence and hear argument on the motion.  (*See* Docket No. 231).

### C.    December 19, 2008 Hearing

At the December 19, 2008 hearing, the Court heard testimony from the Plaintiff, Ms. Nesselrotte,[5] as well as her counsel, Ms. Davis and Mr. Carroll.  Ms. Nesselrotte testified that she does not receive filings through the electronic filing system ("CM/ECF") used in this district. (*Hearing Trans. 12/19/08* at 22).  Rather, she relies on her counsel to forward to her any documents filed in this case.  (*Id.*)  She further testified that when she was forwarded the documents related to Defendants' motions for summary judgment, she did not receive SUMF-123.  (*Id*. at 23).  Ms. Nesselrotte also testified that the first time she became aware of the fact that there were two statements of facts was when she read Defendants' reply brief, which was filed on November 5, 2008.  (*Id*. at 26).  Ms. Nesselrotte's testimony was supported by the testimony of her counsel, Ms. Davis.  (*See Id.* at 36).  In fact, Ms. Davis testified that a review of her firm's records indicated that a copy of SUMF-123 had not been forwarded to Ms. Nesselrotte.  (*Id*. at 36).

Ms. Davis testified that she, too, was unaware that two separate concise statements of

---

[5]    The Court notes that Ms. Nesselrotte is a licensed attorney who has supervised outside counsel in drafting summary judgment motions, and who is familiar with the requirements of Federal Rule of Civil Procedure 56. (*Hearing Trans. 12/19/08* at 29-30).

material facts had been filed with Defendants' motions for summary judgment. (*Id*. at 41). In describing the division of labor between her and her co-counsel, Mr. Carroll, she testified that she was responsible for responding to the Motion for Summary Judgment filed at Docket No. 126, and that Mr. Carroll was responsible for responding to the Motion for Partial Summary Judgment filed at 121. (*Id*. at 37-38). Ms. Davis was also responsible for responding to SUMF-128, and testified that she believed that it was the only statement of facts that had been filed. (*Id.* at 39). She conceded that she and Mr. Carroll each received a copy of SUMF-123 via email through CM/ECF when the document was electronically filed on March 4, 2008. (*Id*. at 42-43). However, she also testified that she did not have actual knowledge of SUMF-123 because, as per the practice of her firm, she did not open the document and review it when she received it via email. (*Id.* at 46) Rather, she relied on her assistant[6] to download the documents received by email and save them on her firm's internal system. (*Id.*).

Mr. Carroll also testified that he was unaware of the fact that two separate statements of facts had been filed in this case. (*Id*. at 57). When questioned about how he could cite to SUMF-123 in the response he authored to Defendants' Motion for Partial Summary Judgment if he was unaware that SUMF-123 existed, Mr. Carroll testified that he was responding to a statement made in the body of Defendants' brief in support of the motion, and that although that statement specifically referred to SUMF-123, he did not realize as such because he "responded to it without pulling that document

---

[6]
Plaintiff's counsel's assistant is listed on the CM/ECF receipt as having received SUMF-123. (*See* Receipt at Docket No. 123; *see also Hearing Trans*. 12/18/08 at 35). Plaintiff did not offer the testimony or affidavit of Plaintiff's counsel's assistant.

out." (*Id*. at 58).

In addition, at the December 19, 2008 hearing, the Court questioned Ms. Davis and Mr. Carroll about a statement within Plaintiff's response to Defendants' Motion for Partial Summary Judgment that appeared to conflict with their hearing testimony. (*Id*. at 47-48). Footnote two of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment states, attached to the heading "FACTUAL BACKGROUND":

> This is an abbreviated statement of facts relating to the Defendants' Motion for Partial Summary Judgment. The Plaintiff has filed a complete Statement of Facts in her memorandum of law in Opposition to Defendants' Motion for Summary judgment which is incorporated herein by reference.

(Docket No. 206 at 1, n. 2). The Court interpreted this footnote as an indication that its scrivener (i.e., Mr. Carroll) was aware that two statements of facts existed, and that it was sufficient to respond to SUMF-123 in the body of the response to the motion rather than in a separate document. (*See Id*. at 48, 54, 98). To the contrary, Plaintiff and her counsel contend that the footnote does not indicate that they were aware that two separate statements of facts had been filed, but rather references the fact they were responding to facts set forth in Defendants' brief in support of the Motion for Partial Summary Judgment, filed at Docket No. 122. (*Id*. at 66).

## II.     DISCUSSION

While there is no dispute that Plaintiff failed to comply with L.R. 56.1(C), she argues that she should be permitted to file an out of time response under Federal Rule of Civil Procedure 6(b)(1)(B) because her failure to comply was a result of excusable neglect. (Docket No. 230 at 2). Defendants counter that Plaintiff has failed to demonstrate that her actions constitute excusable neglect and that her claims of excusable neglect have been made in bad faith. (Docket No. 223 at 2).

As permitting Plaintiff to file an untimely response would require this Court to depart from its Local Rules, the Court must also consider whether such a departure is warranted under *United States v. Eleven Vehicles*, 200 F.3d 203 (3d Cir. 2000). Finally, as Defendants have accused Plaintiff and her counsel of acting in bad faith, the Court will consider whether sanctions are warranted.

## A.    Findings of Fact

Before determining whether the actions of Plaintiff and her counsel constitute excusable neglect, the Court must first make findings as to the reasons underlying counsel's alleged inadvertence. *Consolidated Freightways Corp. v. Larson*, 827 F.2d 916, 919 (3d Cir. 1987). These findings are also relevant in determining whether Plaintiff's counsel's conduct warrants sanction. *See Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007). In making these findings, the Court considered the docket,[7] the submissions of the parties, and testimony offered at the December 19, 2008 hearing.

### 1.    *Credibility of Plaintiff and her Counsel*

In making these findings, the Court assessed the credibility of the testimony of Ms. Nesselrotte, Ms. Davis, and Mr. Carroll. Ms. Nesselrotte provided a credible explanation to this Court as to why she did not respond to SUMF-123; namely, that it was not forwarded to her by her counsel (*Hearing Trans. 12/19/08* at 22-23). This explanation was supported by the testimony of Ms. Davis, who testified that her firm's records indicated SUMF-123 had not been forwarded to Ms. Nesselrotte. (*Id*. at 36). The Court also found credible Ms. Davis' testimony that she was unaware

---

[7] The Court takes judicial notice of the docket entries in this matter under Federal Rule of Evidence 201.

that two separate concise statements of material facts had been filed with Defendants' motions for summary judgment (*Id*. at 41), especially in light of the division of labor between Ms. Davis and Mr. Carroll.[8] (*Id*. at 37-38).

However, the Court has some doubts as to Mr. Carroll's testimony that he, too, was unaware that two separate statements of material facts had been filed.[9] Mr. Carroll was responsible for responding to the motion with which SUMF-123 was filed. (*Hearing Trans.* 12/19/08 at 37-38). Mr. Carroll has testified that he has "never seen" a case where two separate concise statements of undisputed material facts are filed where two motions for summary judgment are filed (*Hearing Trans. 12/19/08* at 57). Mr. Carroll admits having read SUMF-128 but denies having read SUMF-123. (*Id.* at 62). In this Court's estimation, if Mr. Carroll relied solely on SUMF-128 in responding to the Motion for Partial Summary Judgment, when he cited to Defendants' statement of uncontested material facts in the response (Docket No. 206 at 5), he would have realized that the statement to which was responding was in no way related to paragraph four of SUMF-128. Quite simply, it is very difficult to believe that Mr. Carroll was totally unaware of a document to which he cited (SUMF-123), especially in light of the fact that the relevant subject matter of the document upon which he claims to have relied (SUMF-128) is in no way related to the argument to which he was responding. (*See infra* Section I.B). However, he maintains the he was writing in response to

---

[8]

The Court also notes that she was visibly distraught during her testimony.

[9]

Notwithstanding Mr. Carroll's previous experience in this district, the Court notes that this case has been long and hard fought, and a careful practitioner would have anticipated that an adversary as meticulous as Mr. Wargo would have followed the letter of the Local Rules by filing two separate statements.

Defendant's brief and its citation to SUMF-123. (*Hearing Trans. 12/19/08* at 58).

In regard to Plaintiff's counsel's representations to the Court about footnote two of Plaintiff's

Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment (*Hearing*

*Trans. 12/19/08* at 65-66), Mr. Carroll did not provide a clear explanation to this Court as to its

meaning, even though he authored the footnote in question (*Id*. at 98), which states:

> This is an abbreviated statement of facts relating primarily to the Defendants' Motion
> for Partial Summary Judgment. The Plaintiff has filed a complete Statement of Facts
> in her Memorandum of Law in Opposition to Defendants' Motion for Summary
> Judgment which is incorporated herein by reference.

(Docket No. 206 at 1, n. 2).[10]  As noted, the Court interpreted this footnote as an indication that Mr.

---

[10]

Mr. Carroll also signed the document in question.  Under Rule 11(b) of the Federal Rules of
Civil Procedure:

> By presenting to the court a pleading, written motion, or other paper — whether by
> signing, filing, submitting, or later advocating it — an attorney or unrepresented party
> certifies that to the best of the person's knowledge, information, and belief, formed
> after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or
> by a nonfrivolous argument for extending, modifying, or reversing existing law or for
> establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified,
> will likely have evidentiary support after a reasonable opportunity for further
> investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically
> so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).

Carroll was aware that two statements of facts existed, and that it was sufficient to respond to SUMF-123 in the body of the response to the motion rather than in a separate document. This interpretation comports with the plain meaning of the statement contained therein, and Mr. Carroll could not provide this Court with a clear explanation as to why it should be interpreted otherwise.[11]

In assessing Mr. Carroll's credibility, the Court looks not only to Mr. Carroll's submissions and testimony as they relate to the instant motion, but also his prior conduct in this litigation. In particular, in an earlier motion, Defense counsel accused Mr. Carroll of making misrepresentations to this Court relating to his purported review of a series of privileged documents obtained by Plaintiff. (*See* Docket No. 115). In support of this allegation, Defendants highlighted several statements Mr. Carroll made at a March 7, 2008 hearing that, on their face, conflicted with representations made in Plaintiff's pleadings. (*See* Docket No. 185-2 at 3).

Specifically, regarding the documents in dispute, Mr. Carroll in his earlier submissions to this Court stated, "Plaintiff has shown those documents to no one except her attorneys." (Docket No. 155

---

[11]

Although Ms. Davis originally testified that she authored the footnote, upon further consideration she testified that it was actually Mr. Carroll who authored footnote two. (*Hearing Trans. 12/19/08* at 98). Mr. Carroll's only explanation was limited to the following:

> I will point out, Your Honor, that in that footnote Ms. Davis says she has filed a statement of fact in her memorandum of law. Obviously the rules in this court are very clear that it has to be a separate document to the extent that you're referring to the statement of uncontested material facts. So clearly the reference is not to one of those documents because it was facts recited in the memorandum of law. They are just two different animals and there couldn't be confusion of one to the other.

(*Id.* at 65-66). After Ms. Davis retracted her testimony and stated that Mr. Carroll was the author of the footnote (*Id.* at 98), Mr. Carroll provided no further explanation as to its meaning. (*See Id.* at 98-100).

at 7, n. 1). He further claimed that "[p]laintiff has not shown any document to anyone other than her counsel and has not revealed the contents of any document to anyone other than her counsel." (Docket No. 155 at 15). However, at a hearing before this Court on March 7, 2008 regarding the documents, Mr. Carroll told the Court multiple times that he had "never seen those documents." (*Transcript of Hearing held March 7, 2008* at 44, hereinafter "*Hearing Trans. 3/7/08*"). Mr. Carroll repeated these sentiments throughout the hearing, telling the Court "I have never seen those documents" (*Id.* at 42) and "I've never looked at them." (*Id.* at 80). In explaining these conflicting statements to the Court, Mr. Carroll stated that while his firm was in possession of the documents in question, he *personally* never looked at them; rather, Ms. Davis was responsible for "shepherding and producing" the documents. (*Transcript of Hearing held 4/23/08* at 25).

At that time, the Court was troubled by these contradictory statements, and noted that Mr. Carroll's explanations to this Court were "not a beacon of clarity." (Docket No. 195 at 12, n. 13). However, this Court gave Plaintiff the benefit of the doubt, and accepted his explanations. (*See Id.*). Nevertheless, Mr. Carroll's previous conduct does factor into the Court's determination of his credibility as it relates to the instant motion.

Thus, the Court has taken several facts into consideration in assessing Mr. Carroll's credibility. There is no dispute that Mr. Carroll, Ms. Davis, and their assistant all received SUMF-123 via CM/ECF. (*Hearing Trans. 12/19/08* at 42-43). Mr. Carroll was primarily responsible[12] for

_____

[12]

As the partner on this case, Mr. Carroll is responsible for the actions of both Ms. Davis and his legal assistant. The Pennsylvania Rules of Professional Conduct ("Pa. R.P.C.") state that, "[a] lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct." Pa. R.P.C. 5.1.

drafting the brief in opposition to the motion filed in conjunction with SUMF-123. (*Id*. at 37-38).

Though he claims only to be aware of one statement of facts, the two documents are filed separately,

and SUMF-123 is electronically linked to the motion to which Mr. Carroll authored a response. (*See*

Docket Nos. 123 and 128). In his response to the Motion for Partial Summary Judgment, Mr. Carroll

cited to the document of which he claims to be unaware. (Docket No. 206 at 5). In addition, in the

Plaintiff's response to the Motion for Partial Summary Judgment, he included a footnote which the

Court interprets as indicating that the statement of facts included in the body of the brief was intended

to be a response to SUMF-123. (*Id*. at 1, n. 2).

Based on these facts, the Court believes it is unlikely that Plaintiff's counsel was totally

unaware of the fact that Defendants filed SUMF-123.[13] Given Mr. Carroll's previous inconsistent

statements to this Court in the context of discovery, his explanation as to how he could include

statements in Plaintiff's response that specifically reference SUMF-123 while at the same time not

being aware that the document existed is more than troubling.

While the Court has doubts as to Plaintiff's counsel's candor regarding the series of events

in question, there is insufficient evidence in the record for the Court to be able to make a finding that

---

Moreover, "a lawyer having direct supervisory authority over [a] nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer." Pa. R.P.C. 5.3.

[13]

Even if Plaintiff's counsel were not aware of SUMF-123 at the time it was filed, a prudent practitioner would have checked the docket given the lapse of time between the filing of Defendant's motions and the filing of Plaintiff's responses, as well as opposing counsel's style of practice.

any particular statement made by Mr. Carroll is, in fact, a misrepresentation[14] and that Plaintiff's motion is brought in bad faith, as argued by Defendants. Accordingly, the Court finds the following facts.

2.   *Findings of Fact Regarding the Reason for the Delay*

Defendants timely filed their Motion for Summary Judgment as well as their Motion for Partial Summary Judgment on March 4, 2008. (Docket Nos. 121 and 126). In accordance with the Local Rules, each motion was accompanied by a brief in support (Docket Nos. 122 and 127), a concise statement of undisputed material facts (SUMF-123 and SUMF-128), and an appendix (Docket Nos. 124 and 129).

Plaintiff is a licensed attorney in both Pennsylvania and West Virginia, with an extensive background in labor and employment law. (*See Hearing Trans. 12/19/08* at 19). Plaintiff and her counsel know and understand the Local Rules of this district, including the consequences of failing to respond to a statement of undisputed material facts. (*See Id.* at 9-10). Mr. Carroll, Ms. Davis, and their assistant each received a copy of SUMF-123 via email through CM/ECF when the document was electronically filed on March 4, 2008. (*See Id*. at 42-43). Ms. Davis and Mr. Carroll did not read the document at that time; rather, they relied on their assistant to download the documents received

---

14

Under the Pennsylvania Rules of Professional Conduct, professional misconduct, including conduct involving misrepresentation, requires a culpable mental state greater than negligence. *In re Surrick*, 338 F.3d 224, 233 (3d Cir. 2003); *see also* Pa. R.P.C. 8.4(c). Misrepresentation includes false or misleading statements that are knowingly made, as well as those "made with reckless ignorance of the truth or falsity thereof." *Id.* (quoting *Office of Disciplinary Counsel v. Anonymous Atty. A*, 714 A.2d 402, 406 (Pa. 1998)).

by email and save them on her firm's internal system.[15]  (*See Id.* at 46).  It had been the practice of Plaintiff's counsel's assistant to forward all documents filed in this case to Plaintiff.  (*See Id.* at 35).  However, through some type of human error, Plaintiff's counsel failed to forward SUMF-123 to Plaintiff.  (*See Id.*).

Due to a motion brought by Defendants, as well requests to extend the filing date, Plaintiff and her counsel were not required to respond to Defendants' summary judgment motions until October 7, 2008.  (*See* Docket No. 201).  Ms. Davis was responsible for responding to the Motion for Summary Judgment filed at Docket No. 126 and the statement of facts which accompanied that motion, SUMF-128.  (*See Hearing Trans. 12/19/08* at 37-39).  Mr. Carroll was responsible for responding to the Motion for Partial Summary Judgment filed at Docket No. 121 and the statement of facts which accompanied that motion, SUMF-123.  (*See Id*. at 37-39).  Due to some type of human error on the part of Plaintiff's counsel and/or their assistant,[16] Ms. Davis filed a timely response to SUMF-128, but Mr. Carroll did not timely file a response to SUMF-123.  (*See* Docket Nos. 205-210).

## B.    Excusable Neglect

Rule 6(b)(1)(B) provides that "when an act may or must be done within a specified time, the

---

[15]

Mr. Carroll has testified that his "computer skills are minimal" and that he is not sure he knows how to open electronic filings sent to him via CM/ECF.  (*Hearing Trans. 12/29/08* at 60-61).  Accordingly, Mr. Carroll employs his assistant to undertake such tasks.

[16]

Again, the Court notes that while it is clear that Plaintiff's counsel or someone employed by their firm was at fault for the failure to respond, because only Ms. Davis and Mr. Carroll testified, it is not possible for the Court to determine who, precisely, was at fault.  However, for the purposes of the instant motion, it is sufficient to find that Plaintiff's counsel, rather than Plaintiff, is responsible for the failure.

court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). "[T]he determination of whether a party's neglect is excusable has been held to be an equitable determination, in which [courts] are to take into account all the relevant circumstances surrounding a party's failure to file timely." *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 153 (3d Cir. 2005). In considering whether a party's neglect is excusable, the Supreme Court has directed courts to look specifically to 1) the danger of prejudice to the opposing party, 2) the length of delay and its potential impact on the proceedings, 3) the reason for the delay, and 4) whether the movant acted in good faith. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380, 395 (1993).

*1.      The Danger of Prejudice*

In considering whether a party's neglect is excusable, the court must consider the danger of prejudice to the opposing party. *Pioneer*, 507 U.S. at 395. Here, Defendants argue that they will be prejudiced if Plaintiff is allowed to submit her response to SUMF-123 because Plaintiffs have had an opportunity to review Defendants' reply brief, and have fashioned their proposed responses (Docket No. 220-1) to SUMF-123 based on the legal arguments presented in Defendants' reply brief. (Docket No. 223 at 9-10). Plaintiff denies these allegations. (Docket No. 230 at 5). Defendants further argue that they will be prejudiced if Plaintiff is permitted to file her response because they will incur additional attorneys fees and costs as a result of having to supplement their reply brief. (Docket No. 223 at 7).

Regarding Defendants' argument that they have been prejudiced by the fact that Plaintiff has had the benefit of reviewing Defendants' reply brief in support of the Motion for Partial Summary

Judgment prior to responding to SUMF-123, the Court does not believe this will prejudice Defendants. Any prejudice that Defendants would suffer in this regard can be ameliorated by permitting Defendants to supplement and/or refile their reply brief. In terms of additional costs, however, it is true that but for Plaintiff's failure to file a timely response, Defendants would have not had to spend the time and expense responding to and arguing the instant motion, nor would they need to supplement their reply brief. Accordingly, this factor weighs in favor of the Defendants.

### 2. *The Length of Delay and its Potential Impact on the Proceedings*

Defendants argue that granting Plaintiff leave to file a response to the statement of facts will delay these proceedings as Defendants will require additional time to reply to Plaintiff's response to SUMF-123, and may have to file supplemental briefs to their reply, all of which will have the effect of delaying this Court's decision on the Motion for Partial Summary Judgment. (Docket No. 223 at 11). Plaintiff counters that the majority of Defendants' reply brief does not address issues related to SUMF-123; therefore, if additional briefing is needed, it will not be lengthy. (Docket No. 230 at 5).

Plaintiff filed the instant motion on November 10, 2008, just five days after Defendants filed their reply brief, which Plaintiff has testified was the first time she realized that she and her counsel had failed to respond to SUMF-123. (*See* Docket No. 220). Plaintiff has already drafted her response to SUMF-123 and filed it with the Court as an attachment to the instant motion. (*See* Docket No. 220-1). Therefore, the filing of the response itself will not delay the Court's ruling on the Motion for Partial Summary Judgment. The Court agrees that this litigation will be delayed to some degree because Defendants must be afforded an opportunity to reply to Plaintiff's response, once filed, as well as supplement their reply brief. However, assuming Defendants are given ten (10) days to file

any response and supplement their reply brief, such a delay would not be unreasonable, and would have little impact on the resolution of this case.[17]  Accordingly, this factor weighs in favor of Plaintiff.

### 3.    The Reason for the Delay

Courts considering whether a party's neglect is excusable must also consider "the reason for the delay, including whether it was within the reasonable control of the movant."  *Pioneer*, 507 U.S. at 395.  Here, Plaintiff has surrendered control to her counsel.  Her counsel do not contest that the reason for the delay was within their control; rather, they claim that the reason for the delay was their own inadvertence.  (Docket No. 230 at 2).  The United States Court of Appeals for the Third Circuit has noted that when the moving party has claimed excusable neglect based on inadvertence, the district courts may also look to whether: 1) the inadvertence reflected professional incompetence; 2) it is an excuse incapable of verification by the court; and 3) the reason demonstrates a complete lack of diligence.  *Welch & Forbes, Inc. v. Cendant Corp. (In re Cendant Corp. Prides Litig.*), 233 F.3d 188, 196, n. 8 (3d Cir. 2000)(citing *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988)).

Here, the reason for the delay was completely within the control of counsel for Plaintiff. Although the Court does not find Plaintiff's counsel's actions to be professionally incompetent,[18]

---

[17]

The Court notes that throughout this litigation, both parties have been granted requests for an enlargement of time.  For example, the Court has granted Plaintiff's motions for an extension of time to complete discovery as well as for additional time to respond to Defendants' motions. (*See, e.g.,* Docket Nos. 70, 137, 201).  Similarly, the Court has granted Defendants' motions for additional time to respond to Plaintiff's filings.  (*See, e.g.,*  Docket Nos. 154, 198, 211).

[18]

The Pennsylvania Rules of Professional Conduct provide that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill,

there are several indicia of their lack of diligence. For example, both Ms. Davis and Mr. Carroll have admitted that both they and their assistant[19] received SUMF-123 via electronic mail on the day it was filed. (*Hearing Trans. 12/19/08* at 43-44). Ms. Davis testified that their firm records indicate that even though the filing was received by three people at their firm, the document was not forwarded to Ms. Nesselrotte.[20] (*Id.* at 36). Additionally, they assert that in preparing their brief in response to Defendants' Motions for Summary Judgment and for Partial Summary Judgment, they did not review each document that was filed with those motions, nor did they examine the docket, which clearly shows that two separate documents, each with different docket entry numbers and supporting appendices, were filed with each motion. (*See* Docket Nos. 123 and 128).[21]

---

thoroughness and preparation reasonably necessary for the representation." Pa. R.P.C. 1.1. While "[i]gnorance of the rules of procedure" would constitute professional incompetence, *see Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988), this Court has found that Plaintiff's counsel knew and understood the Local Rules of this district.

[19]
Again, the Court notes that Plaintiff nor her counsel have offered the testimony or affidavit of Plaintiff's counsel's assistant.

[20]
Counsel in this case are all registered users of the Court's electronic filing system. As per Section 3 of the Electronic Case Filing Policies and Procedures of the United States District Court for the Western District of Pennsylvania, "[r]egistration as a Filing User constitutes consent to electronic service of all documents as provided in this order in accordance with the Federal Rules of Civil Procedure."

[21]
The Court notes that even if Mr. Carroll's explanation is accepted and both he and Ms. Davis were completely unaware that SUMF-123 had been filed, his conduct as the supervising partner arguably violated the Pennsylvania Rules of Professional Conduct, which state that, "[a] lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct." Pa. R.P.C. 5.1. Moreover, "a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer." Pa. R.P.C. 5.3. One aspect of those obligations is that, "[a] lawyer shall act with reasonable diligence

However, it cannot be said that Plaintiff and her counsel have exhibited a "complete" lack of diligence as Plaintiff, as previously noted, filed the instant motion on November 10, 2008, just five days after Defendants filed their reply brief, which Plaintiff and her counsel have testified was the first time they realized they had failed to respond to SUMF-123. (*Hearing Trans*. *12/19/08* at 6). Thus, while the reason for the delay was within the control of Plaintiff's counsel, it cannot be said that they acted with a "complete" lack of diligence given that they acted quickly to rectify the problem. Accordingly, this factor weighs in favor of Plaintiff.

### 4. *Whether the Movant Acted in Good Faith*

Of most concern to this Court are Defendants' allegations that Plaintiff and/or her counsel have acted in bad faith. (*See* Docket No. 223 at 2). As evidence of Plaintiff's alleged bad faith, Defendants point to the fact that Mr. Carroll claims not to have seen SUMF-123, while at the same time citing to it in Plaintiff's brief in response to the Motion for Partial Summary Judgment. (*Id.*).

Bad faith requires more than mere negligence. *Hritz v. Woma Corp*., 732 F.2d 1178, 1183 (3d Cir. 1984). Rather, bad faith requires an element of willfulness or reckless disregard. *Id.* In determining whether Plaintiff and/or her counsel have submitted the instant motion in bad faith, this Court has considered the docket, the submissions of the parties, the testimony of Ms. Nesselrotte, Ms. Davis, and Mr. Carroll, as well as the pertinent case law. *See infra*, Section II.A.1. As previously discussed, the Court questions Mr. Carroll's candor. However, based on the testimony of Ms. Nesselrotte and Ms. Davis, the Court has found that some type of error on the part of Plaintiff's

---

and promptness in representing a client." Pa. R.P.C. 1.3. Here, Mr. Carroll was responsible for any lack of diligence on the part of Ms. Davis or his assistant.

counsel resulted in Plaintiff's failure to respond to SUMF-123. Moreover, while Mr. Carroll's explanations certainly lacked clarity, there is insufficient evidence to support a finding that he has made misrepresentations[22] to this Court. Thus, it cannot be said Plaintiff and/or her counsel have acted in bad faith. *Hritz*, 732 F.2d at 1183. Accordingly, this factor weighs in favor of Plaintiff.

### 5. *Totality of the Circumstances*

In determining whether Plaintiff's neglect was excusable,[23] this Court must "take into account all the relevant circumstances surrounding [her] failure to file timely." *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 153 (3d Cir. 2005). As previously outlined, the Court notes that one of the *Pioneer* factors weighs in favor of Defendants. At the same time, the Court is also mindful that its interpretation of the Local Rules must be consistent with the spirit of the Federal Rules of Civil Procedure, which favors decisions on the merits, not technicalities. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962).

Defendants' arguments are not without merit, as Plaintiff has had seven months to review the docket, study the Defendants' papers, and respond in this case. However, based on the testimony of Plaintiff and her counsel at the December 19, 2008 hearing, the Court finds that Plaintiff's failure to

---

[22]

*See infra*, n. 14.

[23]

The case upon which Defendants rely in support of their argument that an attorney's inadvertence does not constitute excusable neglect is factually distinguishable from this case. *See United States v. Tuerk*, Civ. A. No. 05-6088, 2007 U.S. Dist. LEXIS 20845 (E.D. Pa. Mar. 20, 2007). In *Tuerk*, the Court could not make a finding that plaintiff's attorney had acted in good faith as the conduct in question was part of a larger pattern of the plaintiff's attorney's neglect. *Id.* In contrast, this is the first time Plaintiff's counsel has moved to file a document out of time in this case.

respond to SUMF-123 was due to her counsel's lack of diligence, not her own.[24]  Indeed, this Court

has found that Ms. Nesselrotte was unaware that two statements of facts had been filed.  (*See Hearing*

*Trans. 12/19/08* at 22-23).  As this Court is reluctant to punish Plaintiff for her counsel's lack of

diligence,[25] Plaintiff's Motion is granted, and she is permitted to file a response to SUMF-123 within

one (1) day of this Memorandum Order.

### B.  Departure from the Local Rules

In allowing Plaintiff to file an out of time response to SUMF-123, the Court is departing from

Local Rule 56.1(C).  However, it is within this Court's discretion to deviate from a local rule when

there is "a sound rationale for doing so" and where it "does not unfairly prejudice a party who has

relied on the local rule to his detriment."  *United States v. Eleven Vehicles,* 200 F.3d 203, 215 (3d Cir.

2000).  As Plaintiff's failure to respond was due to her counsel's lack of diligence, not her own, it

would be unjust to have facts deemed admitted that could potentially negatively impact Ms.

---

[24]

In fact, Plaintiff's testimony at the December 19, 2008 hearing revealed that it was Plaintiff, not her counsel, that recognized the mistake upon reading Defendants' reply brief.  (*Hearing Trans. 12/19/08* at 26).

[25]

This Court is mindful that "a client cannot always avoid the consequences of the acts or omissions of its counsel."  *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. Pa. 1984).  However, the Court must consider "the extent of the *party's* personal *responsibility*."  *Id.* (emphasis in original).  If a party's attorney, rather than the party, is responsible for the conduct in question, "the sanction should ordinarily target the culpable attorney."  *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994).  Here, as noted, Ms. Nesselrotte was not responsible for her counsel's lack of diligence and, in fact, was the person who notified her counsel that there was a defect in her filings.

Nesselrotte's opposition to Defendants' motion for partial summary judgment.[26] In addition, allowing

Ms. Nesselrotte to file a response to the statement of facts will not unfairly prejudice Defendants. *Cf.*

*Adams v. Gould, Inc.,* 739 F.2d 858, 869 (3d Cir. 1984)(where incurring additional attorneys fees was

the only prejudice defendants would suffer if plaintiffs amended their complaint, plaintiffs should

have been granted leave to amend). Although Defendants will likely incur additional expense in

replying to Plaintiff's response and supplementing their reply brief, none of Defendants' substantial

rights will be "unfairly jeopardized." *Eleven Vehicles*, 200 F.3d 203 at 215.

### C.    Sanctions

As previously noted, Defendants have alleged that Plaintiff's claims of excusable neglect have

been made in bad faith. (Docket No. 223 at 2). Specifically, Defendants have alleged that Plaintiff

and her counsel have misrepresented to the Court the reasons why they failed to file a response to the

---

[26]

This Court has previously deemed admitted material facts set forth in the moving party's statement of undisputed material facts where the non-moving party has failed to specifically deny or otherwise controvert those facts in a separate concise statement pursuant to L.R. 56.1(E). *See, e.g.*, *Aubrey v. Sanders*, Civ. A. No. 07-137, 2008 U.S. Dist. LEXIS 74161 (W.D. Pa. Sept. 26, 2008)(plaintiff did not admit or deny the facts set forth by defendants in their respective statements of material facts; rather, plaintiff responded by asserting additional averments); *Cehula v. Janus Distribs., LLC,* Civ. A. No. 07-113, 2008 U.S. Dist. LEXIS 56406 (W.D. Pa. July 23, 2008)(plaintiff failed to file a separate statement in response to defendant's statement of material facts; rather, plaintiffs included a brief factual background section in their response brief); *GNC Franchising LLC v. Khan*, Civ. A. No. 06-283, 2008 U.S. Dist. LEXIS 16046 (W.D. Pa. Mar. 3, 2008)(defendants failed to file any response to Plaintiff's statement of undisputed material facts); *Ferace v. Hawley*, Civ. A. No. 05-1259, 2007 U.S. Dist. LEXIS 71437 (W.D. Pa. Sept. 26, 2007)(plaintiff failed to respond to defendants' concise statement of undisputed material facts despite having notice of the Local Rules violation; rather, plaintiff filed an out of time "Statement of Material Fact" that did not comply with the Local Rules). However, in these decisions, the non-moving party did not request leave to file a response in order to comply with Local Rule 56.1(C) prior to the Court's ruling on the motion for summary judgment. In contrast, Plaintiff filed her motion for leave to file a response to SUMF-123 within days of Defendants' filing of their reply.

statement of facts. (*Id*.). Based on these allegations, the Court notified the parties that it would consider sanctioning Plaintiff and/or her counsel upon a finding that one or all had acted in bad faith. (*Hearing Trans. 12/19/08* at 14).[27]

This Court has inherent powers to "discipline attorneys who appear before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion*." Chambers,* 501 U.S. at 44. "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44-45. *"*While this power 'ought to be exercised with great caution,' it is nevertheless 'incidental to all Courts.'" *Id*. (quoting *Ex parte Burr*, 22 U.S. 529, 531 (1824)).

Defendants argue that the most appropriate sanction for Plaintiff's counsel's conduct would be to deem admitted the facts contained in SUMF-123. (*Hearing Trans. 12/19/08* at 71). However, as previously noted, the delay was occasioned by Plaintiff's counsel, not Plaintiff, herself. Therefore, it would be an inappropriate sanction to deem admitted the facts contained in SUMF-123, as doing so may harm Plaintiff's case in relation to the Motion for Partial Summary Judgment, thereby punishing her for her counsel's transgressions. *See Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994)("If an attorney, rather than a client, is at fault, the sanction should ordinarily target the culpable attorney."). Rather, this Court must tailor the sanction to the

---

[27]

In addition, in a telephonic status conference held on December 5, 2008, during which the Court discussed the instant motion, the Court informed Plaintiff's counsel that it was considering imposing sanctions on Plaintiff and/or her counsel if the Court determined Plaintiff and/or her counsel had acted in bad faith. (*See* Docket No. 231).

conduct "which abuses the judicial process." *Chambers*, 501 U.S. at 44-45.

While in this case Plaintiff's counsel is at fault, the Court is also mindful that:

> [s]anctions are not to be assessed without full and fair consideration by the court. They often entail a fine which may have more than a token effect upon an attorney's resources. More importantly, they act as a symbolic statement about the quality and integrity of an attorney's work -- a statement which may have a tangible effect upon the attorney's career.

*Fellheimer v. Charter Tech.*, 57 F.3d 1215, 1227 (3d Cir. 1995).  Thus, this Court will not impose sanctions under its inherent authority unless there is sufficient evidence that an attorney has committed a willful violation of the rules or has acted in bad faith.

Here, there is insufficient evidence that Plaintiff's counsel willfully violated Rule 56.1(C), nor is there sufficient evidence that they have made their claim of excusable neglect in bad faith. Admittedly, it is a close call, as, once again, Mr. Carroll's testimony was far from a "beacon of clarity."[28]  However, based on the evidence in the record, this Court has found that Mr. Carroll's lack of diligence, rather than any bad faith motive, was the reason he failed to respond to SUMF-123. Accordingly, sanctions will not be imposed on Plaintiff and/or Plaintiff's counsel.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Response to Defendants' Statement of Undisputed Facts in Support of Their Motion for Partial Summary Judgment on After-Acquired Evidence, Affirmative Defense, and Liability as to Counterclaims [220] is **GRANTED**.

---

[28]

The Court reminds Plaintiff's counsel that "[t]he court and all parties before the court rely upon representations made by counsel," and the Court believes "that an attorney's word is his bond." *Baker Industries, Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 212 (3d Cir. 1985).

Plaintiff shall file a response to SUMF-123 [123] that conforms with the Local Rules within one (1) business day of this Memorandum Order. Defendants are granted ten (10) days in which to reply to Plaintiff's response and to supplement and/or resubmit their reply brief in support of their Motion for Partial Summary Judgment. The Court will not permit any additional briefing once Defendants have made their filings.

*/s Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   January 30, 2009
cc/ecf:  All counsel of record.